UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| STANLEY GLEASON, | No. 2:19-cv-1203 AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| T. LINDQUIST, et al., | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Also pending are plaintiff's various motions for miscellaneous relief. ECF Nos. 3, 7, 15, 20, 25, 26, 27, 29.

I. <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2; ECF No. 3 at 3-4; ECF No. 18. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (citations omitted). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

Before the court could screen the original complaint, plaintiff filed an amended complaint. ECF No. 19. The court will therefore proceed with screening the amended complaint. Plaintiff's first amended complaint alleges that defendants Lindquist, Wade, Foss, Lynch, O'Brian, Branche, Roberts, Linggi, and Bobbala violated his rights under the First, Eighth, and Fourteenth Amendments. ECF No. 19.

The first amended complaint alleges that Linggi, a registered nurse, and Bobbala, a doctor, violated plaintiff's right to medical care. ECF No. 19 at 4, 6, 9 ¶¶ 12-13, 19-20, 22-23, 35-36. Specifically, plaintiff alleges Bobbala is the medical executive on his yard and that he submitted a medical appeal against his primary care physician for telling the nursing staff to stop giving him his blood pressure medication KOP (keep on person). Id. at 4, 6, 9, ¶¶ 12-13, 19-20, 35-36. Additionally, plaintiff separately alleges that Linggi violated his rights because "M. Linggi had actual knowledge of an objectively CRUEL condition." Id. at 6, ¶¶ 22-23.

Plaintiff alleges that Branche violated his due process rights by either writing him up for a disciplinary violation or finding him guilty of the violation, which led to the loss of good time credits. Id. at 4, 7 ¶¶ 14, 25. Plaintiff further alleges that Branche submitted false documents and

1 | lied about plaintiff's housing status. Id. at 7, ¶ 24.

Next, plaintiff alleges that defendants Roberts and O'Brian used excessive force against him when they handcuffed him with his hands behind his back while he was wearing his mobility impaired vest. Id. at 5, ¶ 16. They then escorted him to a holding cell and walked away while he was still cuffed. Id. He also claims that O'Brian and Roberts are both appeals coordinators and that they violated his due process rights to a fair hearing. Id. at 7, ¶ 27.

The complaint further alleges that Lindquist, the prison librarian, has been violating plaintiff's legal right to access the courts for over eleven months by having him removed from the law library on three occasions. Id. at 4-5, 8, ¶¶ 15, 17, 29. He also claims that on one occasion Lindquist used unnecessary force by having an officer order him to leave the library. Id. at 4, ¶ 15.

Finally, plaintiff claims that he has submitted multiple grievances to Lynch about Lindquist's actions, and that Lynch, Wade, and Foss have refused to remove Lindquist as librarian. Id. at 5, ¶ 17.

IV. Failure to State a Claim

A. Access to the Courts

Prison inmates have a constitutionally protected right to access the courts to bring direct criminal appeals, habeas petitions, and civil rights actions, Lewis v. Casey, 518 U.S. 343, 354 (1996) (citations omitted), and prison officials may not actively interfere with their right to litigate, Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011), overruled on other grounds by Coleman v. Tollefson, 135 S. Ct. 1759, 1765 (2015). When a prisoner alleges such interference, he must demonstrate actual injury such as the inability to meet a filing deadline or to present a non-frivolous claim. Lewis, 518 U.S. at 351-52, 354.

> [A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. . . . [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

Id. at 351. To properly plead a denial of access to the courts claim, "the complaint should state

4

the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Christopher v. Harbury, 536 U.S. 403, 417-18 (2002) (footnote omitted).

Plaintiff alleges that Lindquist has limited his access to the library and denied him access to the courts during the eleven months leading up to the filing of his complaint. ECF No. 19 at 4-5, 8, ¶¶ 15, 17, 29. However, he has not explained what injury he has suffered and how Lindquist hindered his ability to litigate. Instead, plaintiff simply states that Lindquist has forced him to leave the library on three occasions despite him being "in multiple court[]s." Id. at 4, ¶ 15. Plaintiff has also failed to identify the underlying claims that Lindquist has prevented him from pursuing, making it impossible to tell whether he was prevented from pursuing non-frivolous claims that are covered by the First Amendment. Without facts describing how defendant is blocking his access, what actual injury to his ability to litigate he has suffered as a result, and what claims he was trying to pursue, plaintiff's allegations are deficient and fail to state a claim.

B. Excessive Force

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).

Plaintiff alleges that Roberts and O'Brian "used force" to cuff his hands behind his back while his mobility impaired vest was on, locked him in a holding cell, and then walked away. ECF No. 19 at 5, ¶ 16. However, he fails to allege any facts that would demonstrate that the force used by Roberts and O'Brian was excessive. Id. He further alleges that Lindquist used excessive force by calling officers to remove him from the prison library. Id. at 4, ¶ 15. But there are no facts showing that Lindquist, or the officer she called to remove plaintiff, used any force, let alone

excessive force, to remove him from the library. Id. These unsupported and conclusory allegations are insufficient to state claims of excessive force and fail to state a claim.

### C. Medical Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. (citation omitted).

Plaintiff claims that Linggi and Bobbala violated his right to medical treatment, but his allegations are not clear as to how they violated his rights. ECF No. 19 at 4, 6, 9, ¶¶ 12-13, 19-20, 22-23, 35-36. Regarding Bobbala, plaintiff is unclear whether Bobbala was the doctor who ordered the nurses stop giving him his KOP medication, or if Bobbala was merely the doctor who answered his grievance. Id. at 4, 6, 9, ¶¶ 12-13, 19-20, 35-36. It is also unclear from the complaint whether plaintiff was denied his blood pressure medication altogether or whether he was just denied the ability to keep it on his person. Id. For Linggi, plaintiff does not specify the "objectively CRUEL condition" that Linggi knew about or what ability she had to intervene. Id. at 6, ¶¶ 22-23. Accordingly, plaintiff has failed to allege facts showing that either defendant was deliberately indifferent to a serious medical need and fails to state a claim.

### D. Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). However, an inmate subject to disciplinary sanctions that include the loss of good-time credits must receive (1) twenty-four-hour advanced written notice

of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action," id. at 564-65 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and, (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Plaintiff alleges that Branche violated his rights by either writing him up for or finding him guilty of a disciplinary violation. Id. at 4, 7, ¶¶ 14, 25. To the extent plaintiff alleges Branche wrote him up and submitted false documents and made false statements in relation to the disciplinary violation, prisoners do not have a right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under § 1983. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections . . . are provided."). To the extent plaintiff alleges that Branche found him guilty of the violation, although he claims he lost good time credits, he does not claim to have been denied any of the required due process protections. Similarly, although plaintiff states that Roberts and O'Brian violated his due process rights to a fair hearing, he provides no information about what procedural protections he was denied. Id. at 7, ¶ 27.

Without more information, there are insufficient allegations to support due process claims against Branche, Roberts, or O'Brian.

////

E. Grievances

Prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under § 1983. Id.

To the extent plaintiff seems to allege that Lynch, Wade, and Foss violated his rights by denying his grievances, ECF No. 19 at 5, ¶ 17, the mere denial of a grievance does not state a claim for relief and there are insufficient facts to demonstrate that the grievances alerted defendants to an ongoing constitutional violation that they could have stopped.

V. Improper Joinder

Plaintiff's complaint is also improper as it brings multiple, unrelated claims, against more than one defendant. If plaintiff chooses to amend the complaint, he is advised that he may only join multiple claims if they are all against a single defendant, Fed. R. Civ. P. 18(a), and he may only join defendants where the right to relief arises out of the same "transaction, occurrence, or series of transactions," and "any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20(a)(2). In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the claims against them are based on the same facts. Plaintiff must decide which related claims and defendants he wants to pursue in this action, and any unrelated claims involving different defendants must be brought in separate suits.

VI. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against any defendant. However, it appears that plaintiff may be able to allege facts to remedy this, and he will be given the opportunity to amend the complaint.

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how

8

each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. Of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original and any previous amended complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. Motion for Counsel

Plaintiff has moved for appointment of counsel. ECF No. 3. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff's assertions that he has limited knowledge of the law and limited library access which would limit his ability to litigate and research the issues are circumstances common to most prisoners and do not warrant appointment of counsel. Further, because there is presently no viable complaint before the court, plaintiff is unable to demonstrate a likelihood of success on the merits. The request for counsel will therefore be denied.

VIII. Motions for Preliminary Injunction

Also pending before the court are plaintiff's motions for injunctive relief. ECF Nos. 7, 29. "A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The Ninth Circuit has held that "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest," even if the moving party cannot show that he is likely to succeed on the merits. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

Plaintiff's requests for preliminary injunction essentially seek the same relief sought in the complaint, such as a declaration that plaintiff's rights have been violated, removal of Lindquist and the other prison librarians from their positions, monetary relief, and a jury trial. ECF No. 7 at 4; ECF No. 29 at 3. The relief requested is inappropriate for a motion for preliminary injunction, as none would prevent an imminent and irreparable harm to plaintiff. Furthermore, the complaint

fails to state any claim for relief and plaintiff is being given leave to amend. At this time, therefore, plaintiff cannot show a likelihood of success on the merits much less that the law and facts clearly favor his position. To the extent plaintiff may be seeking injunctive relief related to his ability to access the courts, he has continued to file numerous motions in this action, thereby demonstrating that he is not being prevented from accessing the courts.

For all these reasons, it will be recommended that plaintiff's motions for preliminary injunction be denied.

IX. Motions for Miscellaneous Relief

Also pending before the court are plaintiff's various motions for relief including a motion for summary judgment, ECF No. 15, motion to find defendants in contempt, ECF No. 20, motions for settlement, ECF Nos. 25, 26, and a motion for a pretrial conference and scheduling order, ECF No. 27. Each of these motions will be denied as premature in light of the fact that no defendant has been served.[1]

Should plaintiff file a Second Amended Complaint that is found on screening to state a claim, the court will order service and any defendants upon whom service is completed will be obligated to respond at that time.

X. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Your complaint is being screened out and will not be served, because the facts you have alleged do not state claims for relief. You cannot simply say that a defendant violated your rights. You must explain what each defendant did or did not do that you believe violated your rights.

If you choose to amend your complaint, the Second Amended Complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint or first amended complaints. **Any claims or information not in the second amended complaint will not be considered.**

---

[1] Plaintiff has also filed multiple requests for summons and default, ECF Nos. 8, 9, 12, 22, 23, which have been properly denied by the Clerk's Office for the same reason.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis, ECF Nos. 3, 18, are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's request for the appointment of counsel, ECF No. 3, is denied.

4. Plaintiff's first amended complaint, ECF No. 19, fails to state a claim and will not be served.

5. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

7. Plaintiff's various motions for miscellaneous relief, ECF Nos. 15, 20, 25, 26, 27, are denied without prejudice as premature.

8. The Clerk of the Court shall randomly assign a United States District Judge to this action

IT IS FURTHER RECOMMENDED that plaintiff's motions for preliminary injunction, ECF Nos. 7, 29, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE