UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY GLEASON, | No. 2:19-cv-1203 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| T. LINDQUIST, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel, as well as a scheduling order, pretrial conference, and consent decree for injunction.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden

1

of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Plaintiff has not provided any reasons why appointment of counsel would be warranted in this case, and the motion will therefore be denied.

With respect to plaintiff's other requests, findings and recommendations on his motions for injunctive relief are currently pending before the District Judge, ECF No. 31, and requests for a scheduling order and pretrial conference are both premature.  These requests will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion at ECF No. 42 is denied in its entirety.

DATED: May 8, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2