UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY GLEASON,

    Plaintiff,

v.

T. LINDQUIST, et al.,

    Defendants.

No. 2:19-cv-1203 JAM AC P

ORDER

    Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed objections to defendant's request to opt-out of the Post-Screening ADR Project, ECF No. 68, to defendant's answer to the complaint, ECF No. 69, and to the scheduling and discovery order, ECF No. 70. He has also filed a motion for preliminary injunction. ECF No. 71.

    Plaintiff has objected to defendant's request to opt-out of the Post-Screening ADR Project and moves for the court deny the request. ECF No. 68. There is no right to participate in the ADR Project. The order sending this case to the Post-Screening ADR Project explicitly provided that defendant could opt-out if defense counsel in good faith found that a settlement conference would be a waste of resources. ECF No. 55 at 2. Defendant's counsel moved to opt-out of the Post-Screening ADR Project on that ground and the request to opt-out was therefore proper. ECF No. 63. Plaintiff's objections to the request are overruled and his request that the court reconsider and deny the request will be denied.

1     Plaintiff has also filed objections to defendant's answer to the complaint.  ECF No. 69.
2 The Federal Rules of Civil Procedure contemplate a reply to the answer only when ordered by the
3 court.  Fed. R. Civ. P. 12(a)(1)(C).  Since plaintiff was not ordered to reply to the answer his
4 objections will be disregarded.

5     Plaintiff has also objected to the discovery and scheduling order on the ground that it is
6 biased toward defendant because it allows forty-five days to answer interrogatories when Federal
7 Rule of Civil Procedure 33 allows only thirty.  ECF No. 70.  The Federal Rules permit the court
8 to set a different time for responding to discovery, and the extended deadline is applicable to both
9 defendant and plaintiff.  Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P.
10 36(a)(3).  Accordingly, there is no bias and plaintiff's objection will be overruled.

11     Finally, plaintiff has filed a motion for preliminary injunction.  ECF No. 71.  However, it
12 is not entirely clear what injunctive relief plaintiff is seeking, though it appears that he may be
13 seeking an order requiring that he be given physical access to the law library.  Id.  It is also
14 unclear against whom he is seeking the injunction.  Id.  Furthermore,

> [a] plaintiff seeking a preliminary injunction must establish that he is [(1)] likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest.

18 Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  The Ninth
19 Circuit has held that, even if the moving party cannot show a high likelihood of success on the
20 merits, "'serious questions going to the merits' and a balance of hardships that tips sharply
21 towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also
22 shows that there is a likelihood of irreparable injury and that the injunction is in the public
23 interest."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).  Under
24 either formulation of the principles, preliminary injunctive relief should be denied if the
25 probability of success on the merits is low.  Johnson v. Cal. State Bd. of Accountancy, 72 F.3d
26 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the
27 moving party, it must be shown as an irreducible minimum that there is a fair chance of success
28 on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

Plaintiff has failed to address any of these required factors.  The motion will therefore be denied without prejudice to a motion that clearly identifies the relief plaintiff seeks, identifies against whom the injunction is sought, and addresses the factors necessary to warrant granting a preliminary injunction.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's objections to defendant's request to opt-out of the Post-Screening ADR Project, ECF No. 68, are OVERRULED and his motion to reconsider and deny the request, ECF No. 68, is DENIED.

2.  Plaintiff's objections to defendant's answer, ECF No. 69, are DISREGARDED.

3.  Plaintiff's objection to the discovery and scheduling order, ECF No. 70, is OVERRULED.

4.  Plaintiff's motion for a preliminary injunction, ECF No. 71, is DENIED without prejudice to a motion in the proper form.

DATED: December 16, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE